## White *against* Hopkins.

It is no defence to the acceptor of a bill of exchange that the holder has since received another bill from the drawer payable at a subsequent date for a part of the amount, and given time to him for the balance, though the bill was accepted for the accommodation of the drawer, and that was known to the holder when he received the bill.

Nor would a formal release of the drawer, without payment or satisfaction, be a defence in such case.

ERROR to the District Court for the city and county of *Philadelphia.*

This was an action of *assumpsit,* brought by Hopkins & Brother against John White & Co., in which the plaintiffs filed the following bill of exchange:

*Philadelphia, March 23, 1839.*

$853.20.   Six months after date, pay to the order of Hopkins & Brother, eight hundred fifty-three dollars and twenty cents, for value received; and charge my account.   Yours, &c.

(Signed,)          J. E. Foster.

(Endorsed on face,) " Accepted,"   John White & Co.
(Endorsed on back,)                Hopkins Bros.

Pay J. Andrews, Esq. assistant cashier or order.

To Messrs J. White & Co., Merchants, Philadelphia.

The following affidavit of defence was filed:

" John White, one of the defendants above-named, being affirmed, says: The defendants have a just and legal defence to the whole of the plaintiff's demand in this case; the nature and character of which defence are as hereinafter set forth.   The bill of exchange on which this action is brought, was accepted by defendants without consideration, and solely for the accommodation of J. E. Foster, the drawer thereof.   I am informed, and verily believe, that plaintiffs knew that the said bill was accepted without consideration, and solely for the accommodation of the drawer thereof; and that with full knowledge of that fact, they did, on or about the 28th day of January last, accept and receive from the said J. E. Foster, his draft on Reynold & Mosier, for $271, on account of the said bill on which this action is brought, and agreed with said Foster to wait six months for the balance; which six months will not expire until near the end of July next."

The court entered judgment for the plaintiffs, for want of a sufficient affidavit of defence.

White v. Hopkins.]

Error assigned:

The court erred in entering judgment for the plaintiffs, notwithstanding the affidavit of defence.

*Meredith,* for plaintiff in error.

I admit, the accommodation acceptor is to be considered as any ordinary acceptor, for all formal purposes, as is settled in *Montgomery Bank* v. *Walker,* (9 *Serg. & Rawle* 229 ; 12 *Serg. & Rawle* 382). The question is, whether the accommodation acceptor is not entitled to take defence on the ground of time given to the drawer, the holder knowing the circumstances of the case. In *Erie Bank* v. *Gibson,* (1 *Watts* 143) ; *Clippinger* v. *Kreps,* (2 *Watts* 45), it did not appear (as I take it) on the face of the note, that any of the parties were sureties ; yet the court inquired into it. Here there was a forbearance given on valuable consideration, and the party could not sue the endorser ; and he will not be allowed to do indirectly, by suing the acceptor, what he could not do directly, by suit against the endorser, after having agreed to wait for the balance. *Okie* v. *Spencer,* (2 *Whart.* 253), decides that receiving a check payable after date, is giving time to and discharges the surety.

Then the bill received from the drawer was payment. It was received on account, which is in satisfaction, and the judgment should only have been for the balance. The plaintiff, at any rate, could not recover without producing the bill.

*Hood, contra.*

The affidavit does not say the bill received was ever paid ; nor was it. *Fentum* v. *Pocock,* (5 *Taunt.* 192 ; 1 *E. C. L.* 72), is the leading case, and holds that taking a *cognovit* from the drawer of a bill payable by instalments, though the holder knew it was an accommodation bill, does not discharge the acceptor. *Montgomery Bank* v. *Walker,* (9 *Serg. & Rawle* 238 ; 12 *Serg. & Rawle* 382, S. C.), confirms the doctrine. In 4 *Taunt.* 730, the acceptor of a bill, accepted for the accommodation of the drawer, was held not to be discharged by time given to the drawer. *Ellis* v. *Galindo,* (*Doug.* 250), there cited, is to the same point. *Chitt. on Bills* 452 ; 1 *Carr. & P.* 557 ; 4 *Ibid.* 508.

Taking a bill on account is not payment. 5 *Johns.* 458 ; *Putnam* v. *Lewis,* (8 *Johns.* 386).

*Meredith,* in reply, referred to *Carstairs* v. *Rolleston,* (5 *Taunt.* 551). In 7 *Barn. & Cress.* 735, it was decided that releasing or compounding with the accommodation drawer will not discharge the acceptor, unless it be so expressly stipulated ; which shows there is an exception admitted. Thus what may be done expressly, may be done impliedly from the acts of the parties.

The opinion of the Court was delivered by

KENNEDY, J.— The plaintiffs in error were sued in the court below, upon their acceptance of a bill of exchange, which was done without consideration, merely for the accommodation of J. E. Foster, the drawer. The bill bears date at Philadelphia, the 23d of March, 1839, and directs the defendants, J. White & Co., to pay, six months after the date thereof, to the order of Hopkins & Brother, the plaintiffs, the sum of $853.20. The suit was brought to December term, 1839, of the court below; and the defence set up was, that the bill was accepted by the defendants below, without consideration, and solely for the accommodation of the drawer; that the plaintiffs below, with a full knowledge of this fact, on or about the 28th of January 1840, accepted and received from the drawer of the bill, his draft on Reynolds & Mosier for $271 on account of the said bill, and agreed with the drawer to wait six months for the balance or residue of said bill, which six months would not expire until the end of July following. The court below, however, was of opinion, that this matter formed no bar to the plaintiffs' further maintenance of their action, and therefore rendered a judgment in their favour. It is admitted by the counsel for the plaintiffs in error, that the defence set up below does not go to discharge or release them from all liability on their acceptance, but that they are entitled, under it, to claim the same indulgence, for making payment of the bill, that was granted by the defendants in error to the drawer, by virtue of their agreement made with him on or about the 28th of January, 1840. It would indeed be vain to claim that they were released thereby; for it would be running counter to the principle settled by this court in the case of *The Montgomery Bank* v. *Walker*, (9 *S. & R.* 229; 12 *S. & R.* 382). There it was ruled, that the holder of a negotiable note did not discharge the drawer by giving time to the endorser, although the holder knew at the time he obtained the note, by discounting it, that it was drawn exclusively for the accommodation and benefit of the endorser. "We," says Chief Justice Tilghman, in delivering the opinion of the court, "assume this broad principle, that the man who draws a promissory note for the purpose of negotiation, must stand to it. He has placed himself in the situation of *principal*, and shall not afterwards escape, by alleging that he was but a surety." 12 *S. & R.* 383. What is here said of the accommodation drawer of a negotiable note, may be predicated of the accommodation acceptor of a bill of exchange. The acceptor is the principal in the latter case, and must be looked to first for payment, before recourse can be had to the drawer. *Heylyn* v. *Adamson*, (2 *Burr.* 674); *Doug.* 249; *Smith* v. *Knox*, (3 *Esp. Rep.* 47); *Clark* v. *Devlin*, (3 *Bos. & Pull.* 366); *Philpott* v. *Briant*, (4 *Bing.* 720); *Pawnal* v. *Ferrand*, (6 *B. & C.* 442). Therefore if the holder of a bill of exchange, accepted for the accommodation of the drawer, takes a

[White v. Hopkins.]

*cognovit* from the drawer for payment by instalments, he does not thereby discharge the acceptor; whether he, at the time of taking the bill, knew it was an accommodation bill, or not. See *Fentum* v. *Pocock et al.* (5 *Taunt.* 192). In general, the liability of the acceptor cannot be *released* or *discharged*, otherwise than by *agreement, release* or *payment*. See *Chitty on Bills* 339, and the authorities there cited. Hence even a formal release of the drawer, by the holder of the bill, will not discharge the acceptor from his liability to the holder, unless such release be founded on payment, or satisfaction, made in some way, by the drawer to the holder. Seeing, then, that the acceptor cannot claim a discharge from the release given by the holder to the drawer, it is difficult if not wholly impossible to discover upon what principle he can claim to have any indulgence, in regard to the payment of the bill, that may be given by the holder to the drawer, extended to himself. For the reason why the release shall not enure to the benefit of the acceptor, is, because he has chosen to make himself the principal debtor, the one to whom the holder must first look for payment; and thus to make the drawer merely a surety to the holder, so that the last may therefore deal with the drawer, who is the surety, as he pleases; and it cannot in any way prejudice or injure the rights of the acceptor. Beside, what is the difference in principle, I would ask, between a release for ever from payment of the bill, and a temporary indulgence granted for that purpose, to the drawer? The former is an absolute and unlimited dispensation or exemption from payment of the bill for ever; whereas, the latter is a limited or qualified dispensation from the payment of it. And it would certainly be strange if the acceptor could claim the benefit of the one and not the other. We therefore think the judgment ought to be affirmed.

Judgment affirmed.