## In the District Court of Philadelphia.

---

## THE FOURTH NATIONAL BANK *v.* FRAZIER.

1. The maker of a promissory note is by the form and effect of his contract a principal and cannot reduce his responsibility to the holder to that of a surety by proof that he made the note for the accommodation of another party and that that was well known to the holder at the time he received it.

2. Therefore the maker of a promissory note is not discharged from responsibility to the holder who discounted it for another person, by proof that the holder knew that the maker was an accommodation maker and neglected to issue an execution upon a judgment which he held as a security for the note, when notified to do so by the maker.

Rule for a New Trial.

Opinion delivered July 17, 1874, by

THAYER, J. The facts as they appeared upon the trial were, that the defendent made his promissory note for $2500 payable to the order of Jas. S. Chambers, who endorsed it. The note was made for the accommodation of Alexander Cummings, who procurred its discount by the plaintiffs, the bank placing the proceeds to his credit. At the time of obtaining the discount Cummings confessed a judgment to the plaintiffs for a larger amount as a security for the note and for renewals of it. When the note in suit (which was a renewal of the original note) fell due, the defendant, who was the maker of the note, notified the plaintiffs to proceed against Cummings upon the judgment which they held against him, and it was admitted on the trial that by an execution against Cummings at that time the money might have been made. The plaintiffs neglected to do so and Cummings' property was swept away by the executions issued by other creditors. The question is, whether the defendent is discharged from responsibility to the plaintiffs by reason of these facts. He insists, that although he was maker of the note, yet as he was an accommodation maker, and as that was well known to the plaintiffs when they discounted the paper for Cummings, his real relation to the plaintiffs was that of surety only, and that having neglected upon due and sufficient notice from the surety to proceed against the principal, the plaintiffs have lost their remedy against him.

It was settled many years ago in The Bank of Mongomery County v. Walker, 12 S. & R. 382, and 9 Ib. 229, that the maker of a promissory note cannot reduce his liability to that of a mere surety by proof that he made the note for the accommodation of another party, and that that was well known to the plaintiffs who had discounted it for the party accommodated with a full knowledge of the facts. "We must assume," said Tilghman, C. J., "this broad principle, that the man who draws a promissory note for the purpose of negotiation must stand to it. He has

placed himself in the situation of principal, and shall not afterwards escape by alleging that he was but a surety. Although the plaintiffs knew that the defendant received no value from Walker and George, the payees, yet they knew also that it was his choice to serve his friend by placing himself in the front of a negotiable instrument, and they had a right to suppose he was willing to abide the consequences. We think it safest for the mercantile world in general as well as for the parties immediately interested in accommodation paper to lay down the law on these principles, which are warranted by the best authority." It was accordingly held in that case, that the defendant, who had made the note for the accommodation of another person, was not discharged by the fact that the holder with a knowledge of that fact had given time to that person.

Judge Duncan, in deciding the same point in the same case two years before, had already expressed himself to the same effect. "The man," said he, "who, to serve his friend, lends his name as his debtor, in order that he may obtain money on that evidence of debt, cannot complain of it as a grivance, that when this purpose is answered, the law will consider him just in the character he has assumed. If drawer to be treated as drawer, if endorser as endorser. As he chose to be introduced into the world by the name and in the character of drawer, he must be content to pass through in all its stages under that name, and he cannot at his pleasure cast it off and deny it to any who has given credit to the paper on his assumed name and character. It shall be taken pro veritate that he was the drawer, for de veritate that was the very thing he was intended to be:" 9 S. & R. 240.

The Bank of Montgomery County v. Walker, has been so often recognized and approved by the Supreme Court that the doctrine of that case must now be regarded as the settled law of this state. I will refer to two only of the later cases which fully confirm and corrobate it: White v. Hopkins, 3 W. & S. 99, and Lewis v. Hanchman, 2 Barr, 416. In the former case the doctrine was carried to the extent of deciding that an accommodation acceptor was not discharged by a formal release of the drawer by the holder, who had full knowledge when he received the bill that it had been accepted only for the accommodation of the drawer, and that the acceptor had received no consideration whatever. If an accommodation maker of a note or acceptor of a bill is not discharged by a formal release of the person accommodated and whom he brings forward to stand in his place as a principal while he himself assumes the more modest one of a surety, a mu to fortiori is he not discharged by a mere neglect to pursue him, which is the present case.

But Lewis v. Hanchman resembles the present case still more strongly. It was there held that the maker of certain accommodation notes was not entitled to the privilege of a surety, although the debt was

lost by the neglect of the holder to record a mortgage which he had received as a security for the notes from the person for whose accommodation the notes were made.

These decisions rest upon the principle that one who by the form of his contract has consented to assume the responsibility of a principal, shall not be permitted to show, in the teeth of his contract, that he ought only to be regarded as a surety. Having expressly agreed to stand as a principal he shall not be permitted to say that the concomitant circumstances reduce his responsibility to that of a mere surety.

Rule discharged and judgment for the plaintiff on the point reserved.